

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 10, 1951

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Opinion No. V-1275

Re: Authority of the commissioners' court to employ and fix the compensation of an inspector to advise the commissioners' court periodically regarding the condition of county-owned firefighting equipment.

Dear Sir:

Your request for our opinion reads in part as follows:

"Article 2351a-1 of the Revised Civil Statutes provides that the commissioners courts in all counties of this state shall be authorized to furnish fire protection and firefighting equipment to the citizens of such county residing outside the city limits within the county. It further gives the commissioners court authority to purchase fire trucks and other firefighting equipment on competitive bids. This article further provides that such equipment shall only be purchased after a majority vote of property-owning taxpayers, and qualified voters have so authorized the same at a county-wide election called for that purpose.

". . .

"An election was held in Brazoria County on the 8th day of January, 1949, for the purposes outlined in Article 2351a-1, and the same carried by majority vote, and warrants were issued and firefighting equipment including fire trucks were purchased. The commissioners' court organized a county fire board consisting of several fire chiefs over the

county, and at the present time this fire board looks after the property without compensation. Since Brazoria County now owns considerable firefighting equipment, the commissioners court wishes to employ an inspector who would be under the direct supervision of the court and would file monthly reports with the court indicating the results of his periodic inspection of all the firefighting equipment owned by the county including the fire trucks and all other firefighting equipment.

"The commissioners court has asked me the following questions:

(1) Can the commissioners court of Brazoria County employ such an inspector?

(2) If the commissioners court can employ such an inspector, what would be the limitation on the salary that he could receive?"

In Att'y Gen. Op. O-4326 (1942) it is stated:

"After the purchase of the firefighting equipment and fire trucks in the manner outlined by Article 2351a-1 it is our opinion that the commissioners' court would have the implied authority to employ a utility man for the care and maintenance of the county fire trucks."

In Snellen v. Brazoria County, 224 S.W. 2d 305,309 (Tex. Civ. App. 1949, error ref. n. r. e.), it was held that

"The power of counties to house the fire equipment and trucks, which the counties are authorized to acquire, so as to <u>maintain same in a condition of readiness for instant use</u> is necessarily implied, we believe in the grant of express power to counties to acquire firefighting equipment and fire trucks for the protection of its citizens outside of city limits." (Emphasis added.)

It is our opinion, therefore, that the commissioners' court may employ an inspector to make periodic inspections of the fire trucks and other firefighting equipment belonging to the county and compensate him for such services.

There is no statutory provision which specifically sets the salary to be paid such inspector. Article 3902, V.C.S., cited in your brief, is applicable only to deputies, assistants and clerks of district, county, and precinct officers; and, therefore, it has no application to the inspector of firefighting equipment of the county.

In answer to your second question, until the Legislature fixes the salary of such inspector it is left to the sound discretion of the commissioners' court to determine the salary to be paid. Att'y Gen. Op. V-749 (1948).

### SUMMARY

The commissioners' court has implied authority under the provisions of Article 2351a-1, V.C.S., to employ an inspector to make periodic inspections of firefighting equipment belonging to the county and pay him a reasonable salary for such services.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BA:gs:awo

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant